1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT
9                            NORTHERN DISTRICT OF CALIFORNIA
10                                   San Francisco Division
11   JOHN DOE,                                  Case No. 20-cv-02141-LB
12                      Plaintiff,
13           v.                                  **ORDER GRANTING HABEAS
                                                 PETITION**
14   WILLIAM P. BARR, et al.,
                                                 Re: ECF No. 1, 72, 73
15                      Defendants.
16
17                                   **INTRODUCTION**

18       The petitioner, a citizen of Haiti and a lawful permanent resident of the United States,

19   petitioned under 28 U.S.C. § 2241 for his release from immigration custody at the Yuba County

20   Jail on the ground that his medical issues — latent tuberculosis, chronic post-traumatic disorder,

21   and depression — make him vulnerable to COVID-19.[1] He challenges his confinement as

22   violations of both substantive and procedural due process under the Fifth Amendment.[2] The court

23   previously granted his motions for temporary restraining order and preliminary injunction, and

24   ordered his release.[3] The court now grants the petition.

25

26   [1] Pet. – ECF No.1. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations
     are to the ECF-generated page numbers at the top of documents.

27   [2] *Id*. at 29–39 (¶¶ 83–90).

28   [3] Orders – ECF Nos. 27, 60.

ORDER – No. 20-cv-02141-LB

1
2
3
4
5
6
7
8
9
10
11

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## STATEMENT

The TRO and the preliminary-injunction order summarize the facts.[4] The court incorporates those summaries by this reference. The parties submitted more evidence after the preliminary-injunction hearing. In short, the evidence summarizes the number of detainees and inmates at the jail, the positive tests for COVID-19 that have occurred there, the safety practices that the jail employs to minimize the risks from COVID-19, and the ability to see medical staff.[5]

## GOVERNING LAW

A federal district court can grant a writ of habeas corpus if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241; *accord Gonzalez v. Bonnar*, No. 18-cv-05321-JSC, 2019 WL 330906, at *2 (N.D. Cal. Jan. 25, 2019).

"It is well established that the Fifth Amendment entitles aliens to process of law in deportation proceedings." *Demore v. Kim*, 538 U.S. 510, 523 (2003) (cleaned up). A civil detainee's confinement is unconstitutional under the Fifth Amendment if his conditions of confinement "amount to punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir. 2004) (quoting *Bell*, 441 U.S. at 535); *accord Bent v. Barr*, 445 F. Supp. 3d 408, 413–14 (N.D. Cal. 2020). "[P]unitive conditions may be shown (1) where the challenged restrictions are expressly intended to punish, or (2) where the challenged restrictions serve an alternative, non-punitive purpose but are nonetheless excessive in relation to the alternative purpose, . . . or are employed to achieve objectives that could be accomplished in so many alternative and less harsh methods." *Jones*, 393 F.3d at 932 (cleaned up).

---

[4] Orders – ECF Nos. 27 at 2–11, 60 at 2–4.

[5] Lind Supp. Decl. – ECF No. 72-1 at 2–3 (¶¶ 2–6); Rabinovich Fourth Decl. – ECF No. 76-1 at 3–4 (¶¶ 7, 9); Rodarte Decl. – ECF No. 74-2 at 2–3 (¶¶ 2–4), 4 (¶ 9); Garbers Emails, Ex. 1 to Rodarte Decl. – ECF No. 74-2 at 7–8; Mull 8/1/2020 Email, Ex. 6 to Rodarte Decl. – ECF No. 74-2 at 54–57; Rodarte Supp. Decl. – ECF No. 75-1 at 2 (¶ 2); Zack 12/14/2020 Email, Ex. 1 to Rodarte Supp. Decl. – ECF No. 75-1 at 5–6.

**ANALYSIS**

The court previously granted the petitioner's release and enjoined the government from re-detaining him except under certain conditions. In its return, the government reiterates its arguments about the procedural appropriateness of a 28 U.S.C. § 2241 petition, exhaustion of administrative remedies, the petitioner's Article III standing, and the constitutionality of the petitioner's confinement.[6] The court rejected the arguments previously, and the court's analysis is unchanged. The government points to changed conditions, including a declining detainee population, but the changes do not support a different outcome given the petitioner's medical vulnerability, the current surge in COVID-19 cases, and the confirmed cases at the jail. The petitioner continues to abide by his conditions of release and ICE's monitoring requirements.[7] The court thus grants the petition and allows the petitioner's continued release until COVID-19 developments allow his safe return to the custody of the Department of Homeland Security.

**CONCLUSION**

The court grants the petition, allows the petitioner's continued release, and enjoins the respondents from re-detaining the petitioner until circumstances allow his safe return to custody. The court orders the parties to submit updates every 90 days. The first update is due March 4, 2021, one week before the March 11, 2021 case-management conference. If circumstances are unchanged the court likely will continue the case-management conference another 90 days.

The plaintiff's proposed order has additional conditions of release. The court asks the parties to confer and submit any revised conditions in a standalone order. The court's previous conditions of release remain in effect.

**IT IS SO ORDERED.**

Dated: December 17, 2020

_____

LAUREL BEELER
United States Magistrate Judge

---

[6] Return – ECF No. 72 at 15–29.

[7] Doe Decl. – ECF No. 74-1 at 8–9 (¶¶ 3–10).

United States District Court
Northern District of California